UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MONTY DEWAYNE BELL | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 1:11-cv-14 |
| v. | ) | *Mattice/Carter* |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Monty Dewayne Bell has moved for leave to proceed *in forma pauperis*. [Doc. 1]. In his application, the plaintiff avers he is homeless and jobless and his only source of income is $200 in food stamps per month. Accordingly, it is RECOMMENDED plaintiff's application to proceed *in forma pauperis* be GRANTED.

Pursuant to 28 U.S.C. § 1915(e)(2), where a party has been given leave to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

The plaintiff's forty-three page handwritten complaint is difficult to follow, but it appears to the undersigned that the plaintiff is asking the Court to "review" under 42 U.S.C. § 1983 two criminal cases in Hamilton County General Sessions Court in which he was charged with misdemeanors. These criminal cases somehow involve a disagreement with a newspaper reporter in Chattanooga and the Chattanooga Mayor's office over a documentary that plaintiff was filming about homelessness in Chattanooga. Plaintiff contends that he was wrongfully

arrested and charged in Hamilton County General Sessions Court and that he is entitled to damages. (Complaint at pp. 33-36  According to plaintiff, the charges against him were eventually dismissed.  The sole defendant in this action is the State of Tennessee.

The Eleventh Amendment provides, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  In addition, the Eleventh Amendment bars actions by citizens against their own state in federal court.  *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).   While, "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).

Accordingly,  it is RECOMMENDED that plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.[1]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(a).  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).